

Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff TED_PERRYMAN

22BB-CC00011 - LISA HASTEN V JIMMY FANN ET AL (E-CASE)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

FV File Viewer

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: Descending Ascending

Display Options: All Entries

**02/28/2022**

**Summons Personally Served**
Document ID - 22-SMCC-49; Served To - FANN, JIMMY; Server - ; Served Date - 16-FEB-22; Served Time - 19:10:00; Service Type - Special Process Server; Reason Description - Served

**Notice of Service**
Affidavit of Return of Service - Jimmy Fann.
**Filed By:** TODD RYAN NISSENHOLTZ
**On Behalf Of:** LISA HASTEN

**02/15/2022**

**Summons Issued-Circuit**
Document ID: 22-SMCC-50, for LARRY BENNIGHT, LLC.

**Summons Issued-Circuit**
Document ID: 22-SMCC-49, for FANN, JIMMY.

**Order - Special Process Server**
**Associated Entries: 02/11/2022 -** Motion Special Process Server

**02/11/2022**

**Filing Info Sheet eFiling**
**Filed By:** TODD RYAN NISSENHOLTZ

**Motion Special Process Server**
Motion for Special Process Server and Request for Summonses.
**Filed By:** TODD RYAN NISSENHOLTZ
**On Behalf Of:** LISA HASTEN
**Associated Entries: 02/15/2022 -** Order - Special Process Server

**Pet Filed in Circuit Ct**
Petition.
**Filed By:** TODD RYAN NISSENHOLTZ

**Judge Assigned**

**Exhibit A**



# IN THE 12TH JUDICIAL CIRCUIT, WARREN COUNTY, MISSOURI

| Judge or Division: JASON H LAMB | Case Number: 22BB-CC00011 |
|---|---|
| Plaintiff/Petitioner: LISA HASTEN | Plaintiff's/Petitioner's Attorney/Address TODD RYAN NISSENHOLTZ SUITE 1800 7700 FORSYTH BOULEVARD SAINT LOUIS, MO 63105 |
| vs. Defendant/Respondent: JIMMY FANN | Court Address: 104 WEST MAIN ST. WARRENTON, MO 63383 |
| Nature of Suit: CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JIMMY FANN
Alias:
2606 ALAMO TRAIL
TEMPLE, TX 76502

**COURT SEAL OF WARREN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_2/15/2022_  _____
Date                                Clerk/clb

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☒ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _2606 Alamo Trail; Temple, TX 76502_ (address)
in _Bell_ (County/~~City of St. Louis~~, ~~MO~~ TX), on _2/16/2022_ (date) at _7:10 pm_ (time).

_Joshua R. Jameson_                              _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _2/25/2022_ (date).
(Seal)
My commission expires: _3/4/2024_
                         Date                                Notary Public

HEIDI MILLER
Notary Public, State of Texas
Comm. Expires 03-04-2024
Notary ID 130568045

**Sheriff's Fees, if applicable**
Summons                             $_____
Non Est                             $_____
Sheriff's Deputy Salary
Supplemental Surcharge              $  10.00
Mileage                             $_____ (_____ miles @ $_____ per mile)
**Total**                           $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 12TH JUDICIAL CIRCUIT, WARREN COUNTY, MISSOURI

| Judge or Division:<br>JASON H LAMB | Case Number: 22BB-CC00011 |
|---|---|
| Plaintiff/Petitioner:<br>LISA HASTEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TODD RYAN NISSENHOLTZ<br>SUITE 1800<br>7700 FORSYTH BOULEVARD<br>SAINT LOUIS, MO  63105 |
| Defendant/Respondent:<br>JIMMY FANN | Court Address:<br>104 WEST MAIN ST.<br>WARRENTON, MO  63383 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** JIMMY FANN
**Alias:**

**2606 ALAMO TRAIL**
**TEMPLE, TX  76502**

*COURT SEAL OF*

*WARREN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____2/15/2022_____          _____
          Date                                         Clerk/clb

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
(Seal)    Subscribed and sworn to before me on _____ (date).
My commission expires: _____            _____
                          Date                                Notary Public

**Sheriff's Fees, if applicable**
Summons                                 $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $____10.00____
Mileage                                 $_____ (_____ miles @ $._____ per mile)
**Total**                               $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 12TH JUDICIAL CIRCUIT, WARREN COUNTY, MISSOURI

| Judge or Division:<br>JASON H LAMB | Case Number: 22BB-CC00011 | 3/8/22 |
|---|---|---|
| Plaintiff/Petitioner:<br>LISA HASTEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TODD RYAN NISSENHOLTZ<br>SUITE 1800<br>7700 FORSYTH BOULEVARD<br>SAINT LOUIS, MO 63105 | |
| Defendant/Respondent:<br>JIMMY FANN | Court Address:<br>104 WEST MAIN ST.<br>WARRENTON, MO 63383 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: **LARRY BENNIGHT, LLC**
                          Alias:

RA: JACK JONES
2010 BIRD CREEK DR, SUITE 101
TEMPLE, TX 76502

**COURT SEAL OF**

**WARREN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____2/15/2022_____              _____/s/ Tim Beard_____
            Date                               Clerk/clb

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____    _____
                          Date              Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge               $   10.00
Mileage                              $_____ (_____ miles @ $_____ per mile)
Total                                $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| LISA HASTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JIMMY FANN, | ) | |
| **Serve: 2606 Alamo Trail** | ) | |
| **Temple, TX 76502** | ) | Cause No: |
| | ) | |
| and | ) | Division: |
| | ) | |
| LARRY BENNIGHT, LLC, | ) | |
| **Serve: Jack Jones, Registered Agent** | ) | |
| **2010 Bird Creek Drive, Ste. 101** | ) | |
| **Temple, TX 76502** | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW Plaintiff Lisa Hasten, and for her cause of action against Defendants Jimmy Fann and Larry Bennight, LLC, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Lisa Hasten ("Plaintiff") was at all times relevant an individual resident and citizen of the State of Missouri.

2. Defendant Jimmy Fann ("Defendant Fann") is and was at all times relevant an individual resident and citizen of the State of Texas.

3. Defendant Larry Bennight, LLC ("Defendant Bennight") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located in the State of Texas, and with a registered agent located in the State of Texas for purposes of accepting service.

4. The Court has jurisdiction over this matter because Defendant Fann and Defendant Bennight committed the specific tort described below in the State of Missouri.

5. Venue is appropriate in this Court because this petition states a cause of action sounding in tort and Plaintiff was first injured in the Warren County, State of Missouri, as more fully described below.

6. On or about November 8, 2017, Plaintiff was operating her vehicle on I-70 in an easterly direction prior to its intersection with North Elm Street, both well-traveled roads located in Warren County, Missouri.

7. At said date and time, Defendant Bennight, by and though its agent, servant, employee, and driver, Defendant Fann, was operating its motor vehicle on I-70 in an easterly direction prior to its intersection with North Elm Street, both well-traveled roads located in Warren County, Missouri, directly beside Plaintiff's vehicle.

8. Upon information and belief, at said date and time and at all relevant times, Defendant Fann was employed by Defendant Bennight and was acting within the scope and course of his employment with Defendant Bennight.

9. At said date and time, Defendant Fann caused the front end of his vehicle to strike Plaintiff's vehicle on the rear driver's side, thus causing Plaintiff to sustain serious and permanent personal injuries more fully described below.

## COUNT I
## (NEGLIGENCE AGAINST DEFENDANT BENNIGHT)

10. Plaintiff incorporates the allegations stated in paragraphs 1 through 9 as if fully restated in this paragraph.

11. Defendant Bennight owed a duty to Plaintiff to operate its motor vehicle in conformity with all applicable traffic laws, rules, and regulations, and otherwise with the highest degree of care.

12. Defendant Bennight, by and through its employee and agent Defendant Fann, breached its duties and was careless and negligent in one or more of the following respects:

   a. Defendant Bennight negligently and carelessly drove and operated its motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances then and there existing;

   b. Defendant Bennight negligently and carelessly failed to exercise the highest degree of care to keep a careful lookout to see and discover the motor vehicles around it, including Plaintiff's;

   c. Defendant Bennight negligently and carelessly drove its vehicle while distracted and inattentive, staring at a cell phone instead of the road;

   d. Defendant Bennight negligently and carelessly failed to stop, slacken speed, turn, or swerve its motor vehicle so that it could avoid the collision and injury to Plaintiff, although Defendant Bennight could have done so and thereby avoided the collision and injury to Plaintiff;

   e. Defendant Bennight negligently and carelessly failed to give or sound any warning of the approach, movement, turn, or proximity of its motor vehicle; and

   f. Defendant Bennight otherwise negligently and carelessly caused the front of its vehicle to collide with the rear of Plaintiff's vehicle.

13. As a direct and proximate result of the carelessness and negligence of Defendant Bennight, Defendant Bennight's vehicle caused Plaintiff's vehicle to jar, jerk, and jolt in such an unusual, unexpected, violent, and extraordinary manner that Plaintiff was thrown in and about her motor vehicle, resulting in physical injuries.

14. As a direct and proximate result of the negligence and carelessness of Defendant Bennight described above, Plaintiff has suffered the following damages:

   a. Physical injuries to her head including a traumatic brain injury and related post- traumatic brain injury/post-concussion symptoms such as confusion,

        difficulty concentrating, amnesia, mental confusion, difficulty thinking and understanding, inability to create new memories, impulsivity, irritability, anxiety, apathy, anger, loneliness, dizziness, fainting, fatigue, muscular instability and stiffness, difficulty speaking, slurred speech, sensitivity to light and sound, persistent headaches, and depression; injuries to her left wrist/forearm; and injuries to her neck that required, require, and will in the future continue to require medical care and treatment;

    b.    Past, present, and future pain and suffering arising from the physical injuries described above;

    c.    Past, present, and future physical limitations arising from the physical injuries and the pain and suffering described above;

    d.    Past, present, and future loss of enjoyment of life arising from the physical injuries, pain and suffering, and physical limitations described above; and

    e.    Past, present, and future expenses for medicines, medical institutions, doctors, prescriptions, and other treatment and care arising from the physical injuries, pain and suffering, and physical limitations described above.

WHEREFORE Plaintiff Lisa Hasten prays for a judgment in her favor and against Defendant Larry Bennight, LLC in a fair and reasonable sum in excess of $25,000.00, together with court costs and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

### COUNT II
### (NEGLIGENCE AGAINST DEFENDANT FANN)

15.    Plaintiff incorporates the allegations stated in paragraphs 1 through 14 as if fully restated in this paragraph.

16.    At the time of the collision described above, Defendant Fann owed a duty to Plaintiff to operate his motor vehicle in conformity with all applicable traffic laws, rules, and regulations, and otherwise with the highest degree of care.

17.    Defendant Fann breached his duties and was careless and negligent in one or more of the following respects:

    a.    Defendant Fann negligently and carelessly drove and operated his motor

4

       vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances then and there existing;

b.   Defendant Fann negligently and carelessly failed to exercise the highest degree of care to keep a careful lookout to see and discover the motor vehicles around him, including Plaintiff's;

c.   Defendant Fann negligently and carelessly drove his vehicle while distracted and inattentive, staring at a cell phone instead of the road;

d.   Defendant Fann negligently and carelessly failed to stop, slacken speed, turn, or swerve his motor vehicle so that he could avoid the collision and injury to Plaintiff, although Defendant Fann could have done so and thereby avoided the collision and injury to Plaintiff;

e.   Defendant Fann negligently and carelessly failed to give or sound any warning of the approach, movement, turn, or proximity of his motor vehicle; and/or

f.   Defendant Fann otherwise negligently and carelessly caused the front of his vehicle to collide with Plaintiff's vehicle.

18.   As a direct and proximate result of the carelessness and negligence of Defendant Fann, Defendant Fann's vehicle caused Plaintiff's vehicle to jar, jerk, and jolt in such an unusual, unexpected, violent, and extraordinary manner that Plaintiff was thrown in and about her motor vehicle, resulting in physical injuries.

19.   As a direct result and proximate result of the negligence and carelessness of Defendant Fann described above, Plaintiff suffering the following damages:

a.   Physical injuries to her head including a traumatic brain injury and related post- traumatic brain injury/post-concussion symptoms such as confusion, difficulty concentrating, amnesia, mental confusion, difficulty thinking and understanding, inability to create new memories, impulsivity, irritability, anxiety, apathy, anger, loneliness, dizziness, fainting, fatigue, muscular instability and stiffness, difficulty speaking, slurred speech, sensitivity to light and sound, persistent headaches, and depression; injuries to her left wrist/forearm; and injuries to her neck that required, require, and will in the future continue to require medical care and treatment;

b.   Past, present, and future pain and suffering arising from the physical injuries described above;

c.   Past, present, and future physical limitations arising from the physical

        injuries and the pain and suffering described above;

d.     Past, present, and future loss of enjoyment of life arising from the physical injuries, pain and suffering, and physical limitations described above; and

e.     Past, present, and future expenses for medicines, medical institutions, doctors, prescriptions, and other treatment and care arising from the physical injuries, pain and suffering, and physical limitations described above.

WHEREFORE Plaintiff Lisa Hasten prays for a judgment in her favor and against Defendant Jimmy Fann in a fair and reasonable sum in excess of $25,000.00, together with court costs and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

COFMAN TOWNSLEY, LLP

By:   */s/ Todd R. Nissenholtz*
       Todd R. Nissenholtz #55049
       200 S. Hanley Road, Suite 1070
       St. Louis, Missouri 63105
       314.621.2005
       314.621.3118 (facsimile)
       tn@cofmantownsley.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| LISA HASTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: |
| ) | |
| JIMMY FANN and LARRY BENNIGHT, ) | Division: |
| LLC, ) | |
| ) | |
| Defendants. ) | |

*STATE OF MISSOURI*
*In Circuit Court*
*FILED*

*2/15/2022*

*Tim Beard*
*Circuit Clerk*
*Warren County*

## REQUEST TO ISSUE SUMMONS AND APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff and respectfully requests that the Clerk of Court issue a summons directed to Defendant Jimmy Fann at 2606 Alamo Trail, Temple, TX 76502, and to Defendant Larry Bennight, LLC via its registered agent, Jack Jones, at 2010 Bird Creek Drive, Ste. 101, Temple, TX 76502.

Plaintiff further requests the appointment of Joshua Jameson at Compass Process Servers, PO Box 11042, Killeen, TX 76547 (888-619-7499) to serve as special process server in the above-styled matter, for purpose of serving the summons and petition on Defendant Jimmy Fann at 2606 Alamo Trail, Temple, TX 76502, and on Defendant Larry Bennight, LLC via its registered agent, Jack Jones, at 2010 Bird Creek Drive, Ste. 101, Temple, TX 76502.

COFMAN TOWNSLEY, LLP

Order Special Process:

/s/ *Tim Beard*
Circuit Clerk/clb

BY: /s/ *Todd R. Nissenholtz*
Todd R. Nissenholtz   #55049
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
314.621.2005
314.621.3118 (facsimile)
tn@cofmantownsley.com

*Attorneys for Plaintiff*

22BB-CC00011

*Electronically Filed - Warren - February 11, 2022 - 02:44 PM*

IN THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSOURI

*STATE OF MISSOURI*
*In Circuit Court*
*FILED*

*2/15/2022*

*Tim Beard*
*Circuit Clerk*
*Warren County*

| | |
|---|---|
| LISA HASTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: |
| ) | |
| JIMMY FANN and LARRY BENNIGHT, ) | Division: |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## REQUEST TO ISSUE SUMMONS AND APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff and respectfully requests that the Clerk of Court issue a summons directed to Defendant Jimmy Fann at 2606 Alamo Trail, Temple, TX 76502, and to Defendant Larry Bennight, LLC via its registered agent, Jack Jones, at 2010 Bird Creek Drive, Ste. 101, Temple, TX 76502.

Plaintiff further requests the appointment of Joshua Jameson at Compass Process Servers, PO Box 11042, Killeen, TX 76547 (888-619-7499) to serve as special process server in the above-styled matter, for purpose of serving the summons and petition on Defendant Jimmy Fann at 2606 Alamo Trail, Temple, TX 76502, and on Defendant Larry Bennight, LLC via its registered agent, Jack Jones, at 2010 Bird Creek Drive, Ste. 101, Temple, TX 76502.

COFMAN TOWNSLEY, LLP

Order Special Process:

*Tim Beard*

Circuit Clerk/clb

BY: /s/ *Todd R. Nissenholtz*
Todd R. Nissenholtz   #55049
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
314.621.2005
314.621.3118 (facsimile)
tn@cofmantownsley.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| LISA HASTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JIMMY FANN, ) | |
| **Serve: 2606 Alamo Trail** ) | |
| **Temple, TX 76502** ) | Cause No: |
| ) | |
| and ) | Division: |
| ) | |
| LARRY BENNIGHT, LLC, ) | |
| **Serve: Jack Jones, Registered Agent** ) | |
| **2010 Bird Creek Drive, Ste. 101** ) | |
| **Temple, TX 76502** ) | |
| ) | |
| Defendants. ) | |

**PETITION**

COMES NOW Plaintiff Lisa Hasten, and for her cause of action against Defendants Jimmy Fann and Larry Bennight, LLC, states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff Lisa Hasten ("Plaintiff") was at all times relevant an individual resident and citizen of the State of Missouri.

2. Defendant Jimmy Fann ("Defendant Fann") is and was at all times relevant an individual resident and citizen of the State of Texas.

3. Defendant Larry Bennight, LLC ("Defendant Bennight") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located in the State of Texas, and with a registered agent located in the State of Texas for purposes of accepting service.

4. The Court has jurisdiction over this matter because Defendant Fann and Defendant Bennight committed the specific tort described below in the State of Missouri.

5. Venue is appropriate in this Court because this petition states a cause of action sounding in tort and Plaintiff was first injured in the Warren County, State of Missouri, as more fully described below.

6. On or about November 8, 2017, Plaintiff was operating her vehicle on I-70 in an easterly direction prior to its intersection with North Elm Street, both well-traveled roads located in Warren County, Missouri.

7. At said date and time, Defendant Bennight, by and though its agent, servant, employee, and driver, Defendant Fann, was operating its motor vehicle on I-70 in an easterly direction prior to its intersection with North Elm Street, both well-traveled roads located in Warren County, Missouri, directly beside Plaintiff's vehicle.

8. Upon information and belief, at said date and time and at all relevant times, Defendant Fann was employed by Defendant Bennight and was acting within the scope and course of his employment with Defendant Bennight.

9. At said date and time, Defendant Fann caused the front end of his vehicle to strike Plaintiff's vehicle on the rear driver's side, thus causing Plaintiff to sustain serious and permanent personal injuries more fully described below.

**COUNT I**
**(NEGLIGENCE AGAINST DEFENDANT BENNIGHT)**

10. Plaintiff incorporates the allegations stated in paragraphs 1 through 9 as if fully restated in this paragraph.

Electronically Filed - Warren - February 11, 2022 - 02:44 PM

11. Defendant Bennight owed a duty to Plaintiff to operate its motor vehicle in conformity with all applicable traffic laws, rules, and regulations, and otherwise with the highest degree of care.

12. Defendant Bennight, by and through its employee and agent Defendant Fann, breached its duties and was careless and negligent in one or more of the following respects:

    a. Defendant Bennight negligently and carelessly drove and operated its motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances then and there existing;

    b. Defendant Bennight negligently and carelessly failed to exercise the highest degree of care to keep a careful lookout to see and discover the motor vehicles around it, including Plaintiff's;

    c. Defendant Bennight negligently and carelessly drove its vehicle while distracted and inattentive, staring at a cell phone instead of the road;

    d. Defendant Bennight negligently and carelessly failed to stop, slacken speed, turn, or swerve its motor vehicle so that it could avoid the collision and injury to Plaintiff, although Defendant Bennight could have done so and thereby avoided the collision and injury to Plaintiff;

    e. Defendant Bennight negligently and carelessly failed to give or sound any warning of the approach, movement, turn, or proximity of its motor vehicle; and

    f. Defendant Bennight otherwise negligently and carelessly caused the front of its vehicle to collide with the rear of Plaintiff's vehicle.

13. As a direct and proximate result of the carelessness and negligence of Defendant Bennight, Defendant Bennight's vehicle caused Plaintiff's vehicle to jar, jerk, and jolt in such an unusual, unexpected, violent, and extraordinary manner that Plaintiff was thrown in and about her motor vehicle, resulting in physical injuries.

14. As a direct and proximate result of the negligence and carelessness of Defendant Bennight described above, Plaintiff has suffered the following damages:

    a. Physical injuries to her head including a traumatic brain injury and related post- traumatic brain injury/post-concussion symptoms such as confusion,

Electronically Filed - Warren - February 11, 2022 - 02:44 PM

Electronically Filed - Warren - February 11, 2022 - 02:44 PM

      difficulty concentrating, amnesia, mental confusion, difficulty thinking and understanding, inability to create new memories, impulsivity, irritability, anxiety, apathy, anger, loneliness, dizziness, fainting, fatigue, muscular instability and stiffness, difficulty speaking, slurred speech, sensitivity to light and sound, persistent headaches, and depression; injuries to her left wrist/forearm; and injuries to her neck that required, require, and will in the future continue to require medical care and treatment;

    b.    Past, present, and future pain and suffering arising from the physical injuries described above;

    c.    Past, present, and future physical limitations arising from the physical injuries and the pain and suffering described above;

    d.    Past, present, and future loss of enjoyment of life arising from the physical injuries, pain and suffering, and physical limitations described above; and

    e.    Past, present, and future expenses for medicines, medical institutions, doctors, prescriptions, and other treatment and care arising from the physical injuries, pain and suffering, and physical limitations described above.

WHEREFORE Plaintiff Lisa Hasten prays for a judgment in her favor and against Defendant Larry Bennight, LLC in a fair and reasonable sum in excess of $25,000.00, together with court costs and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT II
### (NEGLIGENCE AGAINST DEFENDANT FANN)

15.    Plaintiff incorporates the allegations stated in paragraphs 1 through 14 as if fully restated in this paragraph.

16.    At the time of the collision described above, Defendant Fann owed a duty to Plaintiff to operate his motor vehicle in conformity with all applicable traffic laws, rules, and regulations, and otherwise with the highest degree of care.

17.    Defendant Fann breached his duties and was careless and negligent in one or more of the following respects:

    a.    Defendant Fann negligently and carelessly drove and operated his motor

      vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances then and there existing;

b.    Defendant Fann negligently and carelessly failed to exercise the highest degree of care to keep a careful lookout to see and discover the motor vehicles around him, including Plaintiff's;

c.    Defendant Fann negligently and carelessly drove his vehicle while distracted and inattentive, staring at a cell phone instead of the road;

d.    Defendant Fann negligently and carelessly failed to stop, slacken speed, turn, or swerve his motor vehicle so that he could avoid the collision and injury to Plaintiff, although Defendant Fann could have done so and thereby avoided the collision and injury to Plaintiff;

e.    Defendant Fann negligently and carelessly failed to give or sound any warning of the approach, movement, turn, or proximity of his motor vehicle; and/or

f.    Defendant Fann otherwise negligently and carelessly caused the front of his vehicle to collide with Plaintiff's vehicle.

18.    As a direct and proximate result of the carelessness and negligence of Defendant Fann, Defendant Fann's vehicle caused Plaintiff's vehicle to jar, jerk, and jolt in such an unusual, unexpected, violent, and extraordinary manner that Plaintiff was thrown in and about her motor vehicle, resulting in physical injuries.

19.    As a direct result and proximate result of the negligence and carelessness of Defendant Fann described above, Plaintiff suffering the following damages:

a.    Physical injuries to her head including a traumatic brain injury and related post- traumatic brain injury/post-concussion symptoms such as confusion, difficulty concentrating, amnesia, mental confusion, difficulty thinking and understanding, inability to create new memories, impulsivity, irritability, anxiety, apathy, anger, loneliness, dizziness, fainting, fatigue, muscular instability and stiffness, difficulty speaking, slurred speech, sensitivity to light and sound, persistent headaches, and depression; injuries to her left wrist/forearm; and injuries to her neck that required, require, and will in the future continue to require medical care and treatment;

b.    Past, present, and future pain and suffering arising from the physical injuries described above;

c.    Past, present, and future physical limitations arising from the physical

5

        injuries and the pain and suffering described above;

d.     Past, present, and future loss of enjoyment of life arising from the physical injuries, pain and suffering, and physical limitations described above; and

e.     Past, present, and future expenses for medicines, medical institutions, doctors, prescriptions, and other treatment and care arising from the physical injuries, pain and suffering, and physical limitations described above.

WHEREFORE Plaintiff Lisa Hasten prays for a judgment in her favor and against Defendant Jimmy Fann in a fair and reasonable sum in excess of $25,000.00, together with court costs and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

        COFMAN TOWNSLEY, LLP

By:    */s/ Todd R. Nissenholtz*
      Todd R. Nissenholtz  #55049
      200 S. Hanley Road, Suite 1070
      St. Louis, Missouri 63105
      314.621.2005
      314.621.3118 (facsimile)
      tn@cofmantownsley.com

      *Attorneys for Plaintiff*